Opinion issued November 21, 2013



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-13-00726-CR

---

**JUSTIN NAQUIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1389803**

---

## MEMORANDUM OPINION

Pursuant to a plea-bargain agreement with the State, Justin Naquin pleaded

guilty to the offense of aggravated assault with a deadly weapon.[1]  The trial court accepted the plea agreement and sentenced Naquin to 15 years in prison and certified that this is a plea-bargain case and there is no right to appeal.  Less than 30 days later, appellant filed a pro se notice of appeal.

In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only those matters that were raised by written motion and ruled on before trial, or after getting the trial court's permission to appeal.  TEX. R. APP. P. 25.2(a)(2).

The record reflects that Naquin pleaded guilty to the charged offense and the trial court assessed the punishment recommended by the State and to which appellant had agreed.  *See* TEX. R. APP. P. 25.2(a)(2).  Appellant does not complain about the trial court's ruling on a pretrial motion, nor does he have the trial court's permission to appeal.  *See id.*

Accordingly, we dismiss the appeal for want of jurisdiction.  All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Sharp and Brown.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2)(West Supp. 2013).

Do not publish.  TEX. R. APP. P. 47.2(b).